IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| PRESQRIBER, LLC, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO: 6:14-CV-443-KNM |
| vs. | § § | MAGISTRATE JUDGE: K. NICOLE MITCHELL |
| CERNER CORPORATION, | § § § | |
| Defendant. | § § § | **JURY TRIAL DEMANDED** |

## CERNER CORPORATION'S RULE 12(B)(6) MOTION TO DISMISS PLAINTIFF'S CLAIMS FOR WILLFUL INFRINGEMENT

Defendant Cerner Corporation ("Cerner"), by and through its undersigned counsel, files this motion under Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff Presqriber, LLC's ("Plaintiff") claims for willful infringement.

**I.  INTRODUCTION AND STATEMENT OF RELEVANT FACTS**

In May of 2014, Plaintiff serially filed twenty-five patent infringement lawsuits alleging infringement of U.S. Patent No 5,758,095 ("the '095 patent") by various entities. (*See, e.g.,* Dkt. No. 1). As to Cerner, Plaintiff's Complaint alleged, *inter alia,* that Cerner committed acts of patent infringement and that such acts were undertaken willfully in violation of 35 U.S.C. § 284. (*Id*., ¶¶ 22–24). However, to properly plead willful infringement, Plaintiff must have a factual basis to allege that—at a minimum—Cerner had <u>actual knowledge</u> of Plaintiff's patent and, despite that knowledge, continued to engage in infringing activities with reckless disregard for Plaintiff's patent rights. The Complaint fails to articulate an adequate factual basis to reasonably

infer that Cerner had <u>actual knowledge</u> of the '095 patent and thus fails to state a claim for willful infringement.

First, Plaintiff alleges "[u]pon information and belief" that "the '095 Patent . . . was cited as prior art in connection with the examination of at least seven (7) subsequently-issued U.S. patents that were originally assigned to Defendant or a corporate subsidiary or affiliate of Defendant." (*Id.*, ¶ 22 (emphasis added)). <u>However, none of the seven patents cited by Plaintiff are actually assigned to Cerner Corporation, the lone defendant in this case</u>. Instead, the cited patents are assigned to legal entities that are distinct from Cerner Corporation, and Plaintiff fails to identify any viable basis for imputing the alleged knowledge of these entities to Cerner Corporation.

Second, Plaintiff alleges that the '095 patent's supposed prominence in the industry is sufficient to support its averments that Cerner had knowledge of the patent. This alleged prominence is based on "forward-citing" in numerous patents, and fails to reasonably support allegations of actual knowledge sufficient to plead willful infringement. Allowing patentees to allege willful infringement on the basis of citations by the Patent Office would have the unwanted effect of rewarding plaintiffs who lie in wait for years only later to threaten accused infringers—who have no actual knowledge of the patent—with treble damages.

Plaintiff's Complaint lacks sufficient factual allegations to support willful infringement claims, and thus fails to satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a). The Complaint even acknowledges its factual deficiencies, including a discovery placeholder pursuant to Federal Rule of Civil Procedure 11(b)(3). (*See*, *e.g.*, Dkt. No. 1, ¶ 24). Accordingly, Cerner respectfully requests that the Court dismiss Plaintiff's willful infringement claims pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.     LEGAL STANDARD

While Rule 8(a)(2) only requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief," dismissal is proper where the complaint fails to "state a claim upon which relief can be granted." *See* Fed. R. Civ. P. 8(a)(2), 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). As the Supreme Court has explained, "[A] plaintiff's obligation [is] to provide the grounds of his entitlement to relief," which necessarily "requires more than labels and conclusions[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and alterations omitted). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* Likewise, "unwarranted inferences of fact do not suffice to support a claim." *Bradley v. Chiron Corp.*, 136 F.3d 1317, 1322 (Fed. Cir. 1998). "When the allegation in a complaint, however true, could not raise an entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558 (internal quotations omitted); *see also Uniloc USA, Inc. v. Rackspace Hosting, Inc.*, Case No. 6:12-cv-375, 2013 WL 7393173, at *1 (E.D. Tex. Mar. 27, 2013) (citing the same).

At the pleading stage, a plaintiff must establish a good faith basis for alleging willful infringement. *In re Seagate*, 497 F.3d 1360, 1374 (Fed. Cir. 2007). To state a claim for willful infringement, a plaintiff must allege facts to show that "the infringer was aware of the asserted patent, but nonetheless 'acted despite an objectively high likelihood that its actions constituted infringement of a valid patent.'" *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 861 (Fed. Cir. 2010) (quoting *In re Seagate Tech, LLC*, 497 F. 3d 1360, 1371 (Fed. Cir. 2007) (en banc)). It is

well established that "a party cannot be found to have 'willfully' infringed a patent of which the party had no knowledge." *Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*, 897 F.2d 508, 511 (Fed. Cir. 1990); *see also State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1986) ("To willfully infringe a *patent*, the patent must exist and one must have knowledge of it." (emphasis in original)). An accused infringer's actual—not constructive—knowledge of the asserted patent is required. *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S.Ct. 2060, 2067-68, 179 L. Ed. 2d 1167 (2011) (requiring actual, not constructive, knowledge to allege pre-suit notice for indirect patent infringement); *Vasudevan Software, Inc. v. Tibco Software, Inc.*, No. C 11-06638, 2012 U.S. Dist. LEXIS 69952, at *14 (N.D. Cal. May 18, 2012) (dismissing willfulness claims where "there is no way to discern what constitutes the basis for the averment of actual knowledge").

## III. ARGUMENT

The Complaint's allegations fail to plausibly allege that Cerner had pre-suit knowledge of the '095 patent, which is necessary to allege willful infringement. First, allegations that Cerner Corporation is on notice merely because the '095 patent is cited in patents originally assigned to entities distinct from Cerner Corporation do not state a plausible claim to relief as to Cerner Corporation. Second, allegations of a patent's "prominence" in the industry due to "forward citing" fail to reasonably infer Cerner's actual knowledge of the '095 patent. Accordingly, Plaintiff's claims for willful infringement should be dismissed.

### A. The Complaint fails to allege that Defendant Cerner Corporation had pre-suit knowledge of the '095 patent.

The Complaint fails to set forth a sufficient factual basis for Plaintiff's allegation that Cerner Corporation had pre-suit knowledge of the '095 patent. Plaintiff alleges that Defendant Cerner Corporation had knowledge of the '095 patent because that patent was cited as prior art in

4

connection with the examination of seven patents, and because these patents "were originally assigned to Defendant or a corporate subsidiary or affiliate of Defendant." (Dkt. No. 1 at ¶ 22) (emphasis added). These patents, however, were not originally assigned to Defendant Cerner Corporation. (*See* Decl. of Robert H. Reckers, Exhibits A-G[1]). Instead, they were originally assigned to either Cerner Innovation, Inc., a subsidiary of Cerner Corporation, or Bridge Medical, Inc., another entity distinct from Cerner Corporation. *Id.*

The Complaint also provides no basis for the assumption that Cerner Innovation's or Bridge Medical's alleged awareness of a patent cited on their respective patents can be imputed to Cerner Corporation. First, Plaintiff has not alleged facts that "would support imputing knowledge" from Cerner Innovation or Bridge Medical to Cerner Corporation. Second, courts have rejected the imputation of such knowledge between related corporations in the willfulness context. *See McRO, Inc.*, 2013 WL 8640289, at *10 (granting motion to dismiss willful infringement claims). Thus, the mere fact that Plaintiff and Cerner's subsidiary or affiliated companies own patents in the medical software field that cite the '095 patent does not, and cannot, plausibly support the allegation that Cerner Corporation has willfully infringed that patent. Nor does knowledge of a patent by a related entity impute knowledge of that patent to a separate related entity. Accordingly, the Complaint fails to allege actual pre-suit knowledge by Defendant Cerner Corporation. *McRO, Inc. v. Namco Bandai Games Am., Inc.*, CV 12-10322-

---

[1]  When analyzing a motion under Rule 12(b)(6), the Court may consider "the complaint, any documents attached to the complaint*, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint*." *Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (emphasis added). Plaintiff's Complaint cites the patent numbers for the seven patents it alleges provide Cerner Corporation actual knowledge of the '095 patent. (Dkt. No. 1, ¶ 22.) As such, these seven patents are "central" to Plaintiff's willful infringement claim and properly before the Court as exhibits to Cerner's Motion.

GW, 2013 WL 8640289, at *10 (C.D. Cal. July 11, 2013); *see also IPVenture Inc. v. Lenovo Group, Ltd.*, No. 11-588, 2012 WL 2564893, at *1 (D. Del. June 29, 2012) (dismissing willfulness claims where complaint alleged Defendant had knowledge of patents in asserted patent's family).[2] Failing to allege actual knowledge by Cerner Corporation is fatal to Plaintiff's willful infringement claim.

Indeed, courts have held that allegations of actual knowledge more detailed than those in Plaintiff's complaint are not sufficient to adequately plead willful infringement. *See IpVenture, Inc. v. Cellco P'ship*, No. C 10-14755, 2011 U.S. Dist. LEXIS 5955, at *7–8 (N.D. Cal. Jan. 21, 2011); *IpVenture Inc. v. Lenovo Group Ltd.*, No. 11-588, 2012 U.S. Dist. LEXIS 90783, at *6–8 (D. Del. June 29, 2012) (dismissing willful infringement claim despite facts that "plausibly support the conclusion that both the Plaintiff and [defendant] had patents in the thermal power and management field"); *Vasudevan Software*, 2012 U.S. Dist. LEXIS 69952, at *7–9, *12–14 (dismissing willful infringement claim despite plaintiff's presentations to defendants disclosing related patents and application that matured into the patent-in-suit). In *Cellco*, for example, the plaintiff pled that the defendants had actual knowledge of the patent application that matured into the patent-in-suit. *Cellco*, 2011 U.S. Dist. LEXIS 5955, at *3. Despite such factual averments, the *Cellco* Court ruled that the pleadings were insufficient and dismissed the willful infringement claim, explaining that "to state a claim for willful infringement, Plaintiff must make out the barest factual assertion of knowledge of an issued patent." *Id.* at *8. Here, Plaintiff's Complaint

---

[2] In *Titanide Ventures, LLC v. Int'l Bus. Mach. Corp.*, Judge Mazzant held that "[c]itation by the PTO during prosecution of an eventually issued patent is sufficient to show knowledge at the pleading stage." Case No. 4:12-cv-196, 2012 WL 5507327, at *3 (E.D. Tex. Oct. 18, 2012) (report and recommendation adopted). However, in that case and in the cases cited to support its holding, the named defendant was also the assignee of the patent(s) citing the asserted patent in the prosecution history.

is even more deficient than the *Cellco* complaint—it fails to provide factual allegations of Cerner Corporation's knowledge of the '095 patent.

Plaintiff even concedes its inability to allege that Cerner Corporation has actual knowledge, stating that "[i]n accordance with Fed. R. Civ. P. 11(b)(3), Plaintiff will likely have additional evidentiary support for its claims of willful infringement after a reasonable opportunity for discovery on this issue." (Dkt. No. 1, ¶ 24). However, Plaintiff was required have a good faith basis to assert willful infringement when it filed the Complaint, and it cannot properly rely on Rule 11 to absolve itself for not pleading willful infringement in good faith. *See In re Seagate*, 497 F.3d at 1374. Accordingly, dismissal of Plaintiff's willful infringement claim is proper.

> **B. Allegations of "forward-citing" an allegedly "prominent" patent are insufficient to reasonably infer Cerner's knowledge of the patent.**

The Complaint also alleges that Cerner had knowledge of the '095 patent because "the '095 Patent is a prominent, pioneering patent in the medical systems field, and [ ] has been forward-cited in more than 200 subsequently-issued U.S. patents to date and continues to be forward cited to this day." (Dkt. No. 1, ¶ 22; *see also* ¶ 12.) Such "constructive" knowledge cannot be used to bootstrap a willful infringement claim, does not reasonably infer Cerner's actual knowledge of the '095 patent, and—if accepted as a plausible basis to assert willfulness—would result in a never-ending stream of unsupported willful infringement claims in patent litigation based on little more than speculation and unwarranted inferences. *See, e.g., Bradley*,

136 F.3d at 1322 ("unwarranted inferences of fact do not suffice to support a claim").[3]

Allegations of willful infringement premised on participation in the same market or industry are not sufficient to infer actual knowledge of an asserted patent. *See EON Corp. IP Holdings LLC v. FLO TV Inc.*, 802 F. Supp. 2d 527, 533-34 (D. Del. 2011). Furthermore, in industries where there is a "rapidly changing nature of technology," companies are not "presumed to have knowledge of their competitors' patent portfolios." *Id.* at 533; *Radware, Ltd. v. A10 Networks, Inc.*, Case No. C-13-02021-RMW, 2013 WL 5373305, at *3, 6 (D. Del. Sept. 24, 2013) (citing *EON Corp.*). Thus, the requisite knowledge to allege willful infringement "cannot be inferred from mere knowledge of *other* patents, even if [those patents are] somewhat similar." *Vasudavan*, 2012 U.S. Dist. LEXIS 69952, at *9.

Even for a small group of competitors, it is not reasonable to infer that each competitor is monitoring the patent portfolios of its competition. *See Radware*, 2013 WL 5373305, at *3, 6 (dismissing willfulness claims based on allegations that parties were competitors in a relatively small group of competitors practicing the accused technology, finding that "it cannot plausibly be inferred from competition alone that [defendant] would have been monitoring [plaintiff's] patent applications"). In this case, numerous players compete in the medical software space, and Plaintiff—as an apparent non-practicing entity—is not one of them. It is not reasonable to infer Cerner would be monitoring a non-competitor's patent portfolio—let alone patents over a decade and a half old—to ensure it is not infringing.

---

[3] This District has previously found that such allegations are sufficient to state a claim for willful infringement. *See Novelpoint Security LLC v. Samsung Elec. Am., Inc.* Case No. 2:12-cv-100-JRG-RSP, Dkt. No. 126 at 3-4 (E.D. Tex. July 22, 2013); *Blue Spike, LLC v. Texas Instruments, Inc.*, Case No. 6:12-cv-499, Dkt. No. 1643 at 8-9 (E.D. Tex. July 21, 2014). In this Motion, Cerner respectfully submits that such allegations do not reasonably infer that a defendant acquires actual knowledge based on a patent's alleged prominence, an argument it does not appear was addressed in these prior orders.

Even when drawing all reasonable inferences in Plaintiff's favor, Plaintiff's reliance on the listing of the '095 patent on the face of other entities' patents is a "needle-in-the-haystack" theory of willfulness that does not reasonably infer actual knowledge. *See Uniloc USA, Inc. v. Microsoft Corp.*, 640 F. Supp. 2d 150, 178 (D.R.I. 2009), *rev'd in part on other grounds*, 632 F.3d 1292 (Fed. Cir. 2011). If the opposite were true, entities with even modest patent portfolios would face liability for willful infringement merely based on the numerous references listed on their patents, most of which are likely to be in the same technology area. At least one court has called this argument a "non-starter," reasoning that "if this were enough, every accused infringer with an internet connection or Washington, D.C. metro pas (enabling travel to the PTO) would become a willful infringer." *Uniloc USA, Inc.*, 640 F. Supp. 2d at 178; *see also Vasudavan Software, Inc.*, 2013 U.S. Dist. LEXIS 69952, at *9 (holding that "[t]he requisite knowledge of the patent allegedly infringed simply cannot be inferred from mere knowledge of other patents, even if somewhat similar").

## IV. CONCLUSION

Plaintiff has failed to allege sufficient facts to support a plausible claim for willful patent infringement. Accordingly, Cerner respectfully requests that the Court dismiss Plaintiff's willful infringement claims pursuant to Federal Rule of Civil Procedure 12(b)(6).

Dated:  August 1, 2014                    Respectfully submitted,

                                          By: /s/ Robert H. Reckers
                                              LEAD ATTORNEY

B. Trent Webb
Missouri Bar No: 40778                        Robert H. Reckers
(*Admitted*)                                  Texas Bar No.:  24039520
bwebb@shb.com                                 rreckers@shb.com
Lynn C. Herndon                               Fiona A. Bell
Missouri Bar No: 62942                        Texas Bar No.: 24052288
(*Admitted*)                                  fbell@shb.com
lherndon@shb.com                              SHOOK, HARDY & BACON LLP
SHOOK, HARDY & BACON LLP                      JPMorgan Chase Tower
2555 Grand Blvd.                              600 Travis Street, Suite 3400
Kansas City, Missouri  64108-2613             Houston, Texas  77002-2926
Telephone:  (816) 474-6550                    Telephone:  (713) 227-8008
Facsimile:  (816) 421-5547                    Facsimile:  (713) 227-9508

                                          **ATTORNEYS FOR DEFENDANT:**
                                          **CERNER CORPORATION**


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record have been served with a copy of the foregoing document via ECF on this 1st day of August, 2014.

                                          __/s/Robert H. Reckers_____
                                          Attorney for Defendant
                                          Cerner Corporation