IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **PRESQRIBER, LLC,**<br><br>                    Plaintiff,<br>v.<br><br>**CERNER CORPORATION,**<br><br>                    Defendant. | Case No. 6:14-cv-443<br><br>**PATENT CASE**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF PRESQRIBER'S RESPONSE IN OPPOSITION
TO DEFENDANT CERNER'S RULE 12(B)(6) MOTION
<u>TO DISMISS PLAINTIFF'S CLAIMS FOR WILLFUL INFRINGEMENT</u>**

Plaintiff Presqriber, LLC ("Presqriber") files this Response in Opposition to Defendant Cerner Corporation's ("Cerner") Rule 12(b)(6) Motion to Dismiss Plaintiff's Claims for Willful Infringement, and in support thereof shows the Court as follows:

Presqriber has clearly met the relevant pleading standards with respect to willfulness. It has alleged facts to show that there Cerner had actual knowledge of the patent in suit (the "'095 Patent") and, despite that knowledge, continued to act despite an objectively high likelihood that its actions constituted infringement of a valid patent. *See i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 861 (Fed. Cir. 2010).

On a motion to dismiss, courts look only to the allegations of the complaint to determine whether they are sufficient to survive dismissal. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). A "patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355-56 (Fed. Cir. 2007). "Willfulness does not equate to fraud, and thus, the pleading requirement for willful infringement does not rise to the stringent standard required by Rule 9(b)." *Ferguson Beauregard/Logic Controls, Division of Dover Res., Inc. v. Mega Sys., LLC*, 350 F.3d 1327, 1343 (Fed. Cir. 2003).

"The bar for pleading willful infringement is not high." *Lodsys, LLC v. Brother Int'l Corp.*, 2012 WL 760729 at *4 (E.D. Tex. Mar. 8, 2012) (Gilstrap, J.) (attached as Ex. A) (denying motion to dismiss willful infringement claim where plaintiff pled "some limited factual basis regarding knowledge" of the patents in suit). And finally, "[a] motion to dismiss is not the proper mechanism for the Court to make an 'assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Blue Spike, LLC v. Texas Instruments, Inc.*, Case No. 6:12-cv-499, Dkt. No. 1643 at p. 9 (E.D. Tex. July 21, 2014) (Craven, J.) (attached as Ex. B) (quoting *NovelPoint Security LLC v. Samsung Elecs. Am., Inc.*, Case No. 2:12-cv-100, Dkt. No. 126 at p. 3) (E.D. Tex. July 22, 2013) (Payne, J.) (attached as Ex. C) (internal quote from *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 n.8, 127 S.Ct. 1955, 1969 n.8 (2007)).

In this case, Presqriber's pleadings on willfulness are as follows:

> 12. The '095 Patent is a prominent, pioneering patent in medical services field. This is evidenced in part by the extent to which the '095 Patent has been forward-cited as prior art in connection with the examination of subsequently-issued U.S. patents. The '095 Patent has been forward-cited in more than 200 subsequently-issued U.S. patents to date, including patents originally assigned to such prominent companies in the medical systems or services fields as Walgreen (21 times), Medco (16 times to Medco or a predecessor), Epic (10 times), Cerner (7 times), Greenway (7 times), General Electric (3 times), McKesson (3 times), Baxter (2 times), Johnson & Johnson (2 times), Siemens (2 times), Becton Dickinson, Quest Diagnostics, and WebMD. The '095 Patent is also of such sufficient prominence that it has been cited in numerous non-medical U.S. patents, including patents originally assigned to such prominent U.S. companies as Accenture, eBay, Ford, IBM and Microsoft. The '095 Patent has also been forward-cited 8 times in patents originally assigned to the University of Texas Board of Regents, and 3 times in patents originally assigned to the United States of America (as represented by the Secretary of the Army). And notwithstanding the fact that it was filed in 1995 and issued in 1998, the '095 Patent continues to be relevant today, as evidenced by the fact that the '095 Patent was forward-cited approximately 28 times in U.S. patents that issued in 2013 or 2014 to date.

> 21. Plaintiff incorporates paragraphs 1 through 20 herein by reference.

      22.    The infringement of the '095 Patent by Defendant has been willful and continued to be willful after Defendant had knowledge of the '095 Patent. Upon information and belief, Defendant had knowledge of the '095 Patent because the '095 Patent because the '095 Patent was cited as prior art in connection with the examination of at least seven (7) subsequently-issued U.S. patents that were originally assigned to Defendant or a corporate subsidiary or affiliate of Defendant (U.S. Patent Nos. 6,542,902; 6,694,334; 7,865,374; 7,983,848; 8,095,379; 8,291,337; and 8,560,337). In addition, as described in paragraph 12 above, the '095 Patent is a prominent, pioneering patent in the medical systems field, and it has been forward-cited in more than 200 subsequently-issued U.S. patents to date and continues to be forward-cited to this day.

      23.    After the time Defendant had knowledge of the '095 Patent, it continued to directly infringe the '095 Patent and/or induce infringement of the '095 Patent. Upon information and belief, Defendant did so despite an objectively high likelihood that its actions constituted infringement of a valid patent (*i.e.*, the '095 Patent), and this objectively-defined risk was known to Defendant or so obvious that it should have been known to Defendant.

      24.    In accordance with Fed. R. Civ. P. 11(b)(3), Plaintiff will likely have additional evidentiary support for its claims of willful infringement after a reasonable opportunity for discovery on this issue.

*See* Complaint, Dkt. No. 1.

The notion that Cerner does not have "fair notice" of what it must defend and was forced to file its Rule 12 motion in order to comprehend Presqriber's allegations is far-fetched. The allegations are straightforward and contain plenty of detail. Presqriber alleges that the '095 Patent is very prominent in the field, and that Cerner had knowledge of the '095 Patent as a result of this prominence and its own forward citations of the '095 Patent. Cerner admits that it understands these allegations. *See, e.g.*, Cerner's Motion at p. 4; *compare NovelPoint Security*, Slip Op. at 3 ("[E]ven these requests [that the Court find that allegations of alleged prominence and alleged knowledge by related third parties] demonstrate that Novelpoint **has** pled specific facts…. Toshiba simply disagrees with Novelpoint's theory of willfulness." (emphasis in original)).

Remarkably, in the body of the "Argument" section of its Motion, Cerner cites to seven out-of-district cases, and zero Eastern District of Texas cases. *See* Cerner's Motion at pp. 4-9

2

(citing three cases from the District of Delaware, two cases from the Northern District of California, and one case each from the Central District of California and the District of Rhode Island). Meanwhile, Cerner relegates to footnotes three cases from this District that are directly on point and that constitute a death knell to Cerner's Motion:

> (1) In *Titanide Ventures, LLC v. Int'l Bus. Mach. Corp.*, 2012 WL 5507327 (E.D. Tex. Oct. 18, 2012) (Mazzant, J.) (attached as Ex. D), the court held that the plaintiff's allegations that the patent-in-suit had been forward-cited in patent applications originally assigned to the defendant were sufficient to plead knowledge by the defendant. *Titanide*, 2012 WL 5507327 at *3.
>
> (2) In *NovelPoint*, the court held that the plaintiff's allegations regarding the prominence of the patents-in-suit, as evidenced by 64 and 186 forward citations by third parties, along with the participation of the defendant's parent company in an industry standard group, were sufficient to plead willfulness. *NovelPoint*, Slip Op. at 1-4.
>
> (3) In *Blue Spike*, the court held that the mere allegation of the prominence of the patent-in-suit as evidenced by only 10 forward citations by third parties, was sufficient to plead willfulness. *Blue Spike*, Slip Op. at 8-9.

These three cases from this District demonstrate conclusively that Presqriber's willfulness allegations easily pass muster here.

In addition, although Presqriber recognizes that the determination of this Motion turns on the allegations in its Complaint and not outside evidence, a quick examination of outside facts demonstrates just how "plausible" Presqriber's allegations are. Cerner somehow contends that it is "implausible" that Presqriber's allegations about forward citations by "entities distinct from

3

Cerner Corporation" (*i.e.*, Cerner's corporate affiliates) could infer knowledge by Cerner Corporation itself. However:

    (1)    Two of the forward citations were in patents originally assigned to Bridge Medical, Inc. Cerner Corporation acquired Bridge Medical, Inc., in 2005, and apparently merged Bridge Medical, Inc., into Cerner Corporation. *See* Declaration of Craig Tadlock, Ex. E (Cerner Corporation press release dated June 16, 2005, announcing that Cerner Corporation's acquisition of Bridge Medical, Inc.) Ex. F (relevant portions of Cerner Corporation 2005 Annual Report showing acquisition of Bridge Medical), and Ex. G (page from U.S. Food and Drug Administration website showing Cerner Corporation as the applicant for FDA approval for a Bridge Medical product). It appears, therefore, that Bridge Medical, Inc., is not even an "entity distinct from Cerner Corporation" but is actually Cerner Corporation itself.

    (2)    Five of the forward citations were in patents originally assigned to Cerner Innovations, Inc. Cerner Innovations, Inc., is a subsidiary of Cerner Corporation. *See* Tadlock Dec., Ex. H (relevant pages of Cerner Corporation's 2014 Form 10-K SEC filing showing Cerner Innovations, Inc., on list of subsidiaries). And, a quick search of LinkedIn for Michael A. Ash, the lead inventor on U.S. Patent No. 7,865,374, assigned to Cerner Innovation, Inc., reveals that Mr. Ash reports that he worked for <u>Cerner Corporation</u> during the relevant time period and other times thereafter – not just at some low level, but as VP, Chief Medical Officer – Physician Strategy and VP, Chief Medical Officer – Community Strategy. *See* Tadlock Dec., Ex. I.

Indeed, Presqriber's allegations of knowledge by Cerner Corporation are not merely "plausible," they are demonstrably true.

4

Frankly, given the on-point case law in this District and the easily-accessible facts (known to Cerner) that confirm Presqriber's allegations as true, Cerner's Motion to Dismiss is a motion that should never have been filed.

Wherefore, Presqriber respectfully requests that the Court deny Cerner's motion to dismiss and grant Presqriber such other and further relief to which it is entitled.


Dated: August 21, 2014                                    Respectfully submitted,


                                                             */s/ Craig Tadlock*
                                                             Craig Tadlock
                                                             State Bar No. 00791766
                                                             John J. Harvey, Jr.
                                                             State Bar No. 09179770
                                                             Keith Smiley
                                                             State Bar No. 24067869
                                                             **TADLOCK LAW FIRM PLLC**
                                                             2701 Dallas Parkway, Suite 360
                                                             Plano, Texas 75093
                                                             903-730-6789
                                                             craig@tadlocklawfirm.com
                                                             john@tadlocklawfirm.com
                                                             keith@tadlocklawfirm.com

                                                             ***Attorneys for Plaintiff Presqriber, LLC***


## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system, in accordance with Local Rule CV-5(a)(3), on this the 21st day of August, 2014.

                                                             */s/ Craig Tadlock*
                                                             Craig Tadlock